UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| GERARDO JASSO, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-4038 |
| | ) | |
| LATOYA HUGHES *et al.*, | ) | |
|     Defendants. | ) | |

ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is a Complaint (Doc. 1) filed by Plaintiff Gerardo Jasso, an inmate at Lawrence Correctional Center. Plaintiff also filed Motions to Amend and Supplement (Doc. 5), for Counsel (Doc. 6), and for Status (Docs. 4, 7, 8).

I.     **Complaint**

**A. Screening Standard**

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. Upon reviewing the complaint, the court accepts the factual allegations as accurate and construes them liberally in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must

be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**B. Factual Allegations**

Plaintiff's pleading alleges constitutional violations committed at Hill Correctional Center ("Hill") by Illinois Department of Corrections ("IDOC") Director Latoya Hughes, Assistant IDOC Director Margaret Madole, Hill Warden Tyrone L. Baker, Internal Affairs Supervisor John Doe, Internal Affairs Officer Roy L. Little, and Adjustment Committee Members Alexander L. Stuart and Jamar A. Range.

A disciplinary report signed by Defendant Little on September 13, 2023, outlined the results of an August 2023 investigation into a package containing a comic book addressed to Plaintiff that was infused with an oily substance that the Illinois State Police Forensic Laboratory later tested positive for synthetic cannabis. Little's report noted that direct evidence showed Plaintiff knew about the illicit substances. (Pl. Compl., Doc 1 at 4-5, 11-13.)

Following an Adjustment Committee hearing conducted by Defendants Range and Stuart, they found that Plaintiff committed the offense related to Dangerous Contraband and Drug and Drug Paraphernalia. The Committee recommended the following restrictions: three months of C Grade status, six months of segregation, and a disciplinary transfer. Defendant Baker concurred with the Committee's recommendations. (*Id*. at 6, 14-15.)

After Plaintiff filed a grievance about Defendant Little's disciplinary report and the Committee's recommendations, Defendant Madole determined that the Dangerous

Contraband violation had not been substantiated and reduced the Drug and Drug Paraphernalia violation to an attempt. Defendant Hughes concurred with Madole's recommended adjustments. (*Id*. at 7.)

**C. Analysis**

The crux of Plaintiff's claims against Defendants concerns his assertion that he was denied due process and, by extension, was subjected to cruel and unusual punishment as a result. (*Id*. at 8-9.) Specifically, Plaintiff claims that Defendant Little authored a false disciplinary report, which the remaining Defendants failed to remedy appropriately.

However, the Seventh Circuit has "long held that as long as procedural protections are constitutionally adequate, [courts] will not overturn a disciplinary decision solely because evidence indicates the claim was fraudulent." *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999). "[E]ven assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *Id*.

"*Wolff v. McDonnell*[, 418 U.S. 539, 558 (1974),] sets forth the minimum due process requirements for prison disciplinary proceedings when the prisoner has been charged with serious misconduct which could result in loss of good time credits, punitive segregation, or which might also be punishable in state criminal proceedings." *Chavis v. Rowe*, 643 F.2d 1281, 1285 n.3 (7th Cir. 1981).

However, as here, when an inmate's "sanction is less onerous" than revocation of good time credits, prison officials "need not use all of the procedures required by *Wolff* when reaching decisions." *Sylvester v. Hanks*, 140 F.3d 713, 715 (7th Cir. 1998). An inmate

is entitled to only informal, nonadversary procedures when "the State's interest implicates the safety of other inmates and prison personnel." *Wilkinson v. Austin*, 545 U.S. 209, 228–29 (2005); *see also Westefer v. Neal*, 682 F.3d 679, 684-86 (7th Cir. 2012) (concluding that informal, nonadversary procedures do not involve the right to call or cross-examine witnesses, record evidence, receive a written decision, or administrative appeal).

"[I]nformal due process requires only that an inmate is provided (1) 'notice of the reasons for the inmate's placement' in segregation and (2) 'an opportunity to present his views,' for instance, in a written statement or at a hearing." *Ealy v. Watson*, 109 F.4th 958, 966 (7th Cir. 2024) (quoting *Adams v. Reagle*, 91 F.4th 880, 895 (7th Cir. 2024). "[T]he Supreme Court has made clear that '[o]rdinarily a written statement by the inmate will accomplish this purpose .... So long as this occurs, and the decisionmaker reviews the charges and then-available evidence against the prisoner, the Due Process Clause is satisfied.'" *Adams*, 91 F.4th at 895 (quoting *Hewitt v. Helms*, 459 U.S. 460, 476, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983)). Due process is also satisfied if a plaintiff presents his arguments orally during the Committee hearing. *Adams*, 91 F.4th at 896.

Here, the record shows that Plaintiff was served with Defendant Little's September 13, 2024, disciplinary report on September 14, 2023, and appeared before the Adjustment Committee on September 26, 2023. (*Id.* at 12, 14.) As documented by the Committee, the charges were read, Plaintiff pleaded not guilty, and did not provide a statement. (*Id.* at 14.) Defendant Baker concurred with the Committee's recommended restrictions, which did not include the loss of good time credits, which Defendant Madole

reduced upon review, and Defendant Hughes concurred. Thus, on this record, Plaintiff fails to state a plausible claim for relief.

Consequently, Plaintiff's Complaint is dismissed for failure to state a claim. However, if Plaintiff believes he can revise his pleading to state a cause of action, he may file a motion for leave to file an amended complaint. If Plaintiff decides to file an amended pleading, it must be attached to his motion for leave.

The Court does not accept piecemeal amendments. Plaintiff's amended pleading must stand independently without reference to his initial filing and contain all claims against all defendants. Plaintiff's amendment must specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.").

The Court informs Plaintiff that any attempt to join unrelated claims and defendants in his amended complaint is not permitted. *See* Fed. R. Civ. P. 20(a)(2). In other words, multiple claims against a single defendant are allowed, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." *Id*. Plaintiff's Motion for Status (Doc. 7) is moot with the entry of the Court's Order.

## II. Plaintiff's Remaining Filings

Plaintiff's Motion to Amend and Supplement filing seeks to add "more causes of action" related to his initial pleading. (Doc. 5 at 1-2.) However, for the reasons noted regarding piecemeal amendments, Plaintiff's filing is denied. Plaintiff's Motions for Status (Docs. 4, 7, 8) are moot with the entry of the Court's Order. Plaintiff's Motion for Counsel (Doc. 6) will be considered if Plaintiff files an amended pleading.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motions for Status (Docs. 4, 7, 8) are MOOT.**

2) **Plaintiff's Complaint (Doc. 1) is DISMISSED under 28 U.S.C. 1915A(b)(1) for failure to state a federal claim.**

3) **Plaintiff is GRANTED leave to file an amended complaint within thirty days of the entry of the Court's Merit Review Order and in compliance with the Court's guidance. If Plaintiff does not submit an amendment on or before the thirty-day deadline, the Court will dismiss Plaintiff's case.**

ENTERED January 9, 2026.

                                        s/ *Colleen R. Lawless*
                                    COLLEEN R. LAWLESS
                                UNITED STATES DISTRICT JUDGE